**Opinion filed June 4, 2026**



## In The

# Eleventh Court of Appeals

_____

## No. 11-26-00124-CV

_____

## JACOB BARRERAS, Appellant

## V.

## DIGITECH COMPUTER, LLC, Appellee

**On Appeal from the 41st District Court**
**El Paso County, Texas**
**Trial Court Cause No. 2025DCV1369**

## M E M O R A N D U M  O P I N I O N

On October 22, 2025, Appellant, Jacob Barreras, filed a pro se notice of appeal from orders issued by the trial court that dismissed Barreras's case pursuant to Section 13.001 of the Texas Civil Practice and Remedies Code and granted Appellee's motion to declare Barreras a vexatious litigant pursuant to Section 11.054. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 13.001, 11.051, .054 (West 2017). On March 12, the Eighth Court of Appeals requested that the supreme

court transfer this and another appeal to a different court of appeals because Barreras had filed a lawsuit in federal court and named the chief justice and the clerk of the court as defendants. The supreme court transferred the appeals to this court. *See* TEX. GOV'T CODE ANN. § 73.001 (West Supp. 2025).

On April 30, we issued an order to the parties addressing the status of this appeal and directing action on the part of Barreras to continue the prosecution of his appeal in this cause. In the order, we noted the attempts by the Eighth Court of Appeals to determine Barreras's ability to pay and desire to timely prosecute the appeal. In this regard, the court of appeals, among other measures, abated the appeal for a determination regarding whether Barreras was indigent for purposes of the appeal. At an evidentiary hearing on the issue, the trial court found that he had the ability to pay for the cost of his appeal. *See* TEX. R. CIV. P. 145. Following the abatement hearing, the Eighth Court of Appeals informed Appellant that the filing fee was due on or before February 6, and the clerk's record was due on or before February 26. In March, five months after Barreras filed his notice of appeal, the court of appeals requested documentation from Barreras showing that payment arrangements had been made for the clerk's record by March 9, and informed Barreras that the appeal was subject to dismissal for want of prosecution. TEX. R. APP. P. 37.3(b), 42.3(b); *Clinton v. Clinton*, 198 S.W.3d 444 (Tex. App.—El Paso 2006, no pet.). On March 10, the district clerk filed another letter informing the court of appeals that Barreras had not remitted payment for the clerk's record.

In our April 30 order, we determined that Barreras was not entitled to proceed without the payment of costs based on the evidentiary hearing and the trial court's determination that Barreras had the ability to pay for purposes of appeal. As a result, we informed Barreras that the following items remained due: (1) the $205 appellate filing fee, (2) Barreras's docketing statement, (3) and payment for the clerk's record. TEX. R. APP. P. 5, 32.1 (An appellant must promptly file a docketing statement upon

filing the notice of appeal.), 37.3(b). We informed Barreras that this appeal would be dismissed if he did not pay the filing fee or provide proof that he had paid or made arrangements to pay the district clerk's office for the cost of the preparation of the clerk's record on or before May 7, 2026. TEX. R. APP. P. 5, 37.3(b), 42.3(b), (c).

On May 8, the district clerk's office filed a letter stating that payment had not been made for the clerk's record and that, as a result, the clerk's record would not be submitted to this court. In our notice of filing, we reminded Barreras that his filing fee remained due. On May 18, in a letter to the parties, we again reminded Barreras of the May 7 deadline and informed Barreras that his continued failure to comply with the above requirements would result in dismissal of the appeal.[1]

Rule 37.3(b) of the Texas Rules of Appellate Procedure provides that, unless the appellant is entitled to proceed without the payment of costs, a court of appeals may dismiss an appeal for want of prosecution if a clerk's record has not been filed due to the appellant's failure to pay or make arrangements to pay the clerk's fee for preparing its record. TEX. R. APP. P. 37.3(b). Before dismissing the appeal, the court of appeals must give the appellant a reasonable opportunity to cure the defect. *Id.* An appellate court may also dismiss an appeal for the following reasons: the appellant's failure to pay the appellate filing fee; the appellant's failure to prosecute the appeal; or the appellant's failure to comply with a requirement of the Texas Rules of Appellate Procedure, a court order, or a notice from the appellate clerk requiring an action within a specified time. TEX. R. APP. P. 5, 42.3(b), (c).

Over seven months have passed since Barreras filed his notice of appeal. Despite numerous reminders, Barreras has not paid the filing fee as of this date, and we have not received the clerk's record or any indication that Barreras has made payment arrangements for the clerk's record. Based upon Appellant's failure to

---

[1]The contents and reason for the letter were disclosed only to the parties and were not posted to this court's public website to protect any confidential or private information disclosed to this court by Barreras.

prosecute this appeal in a timely manner, we conclude that the appeal should be dismissed. *See* TEX. R. APP. P. 5, 37.3(b), 42.3(b), (c).

Accordingly, this appeal is dismissed.


JOHN M. BAILEY

CHIEF JUSTICE


June 4, 2026

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.